UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALI MOORE,<br><br>                    Plaintiff,<br><br>-against-<br><br>CENTRAL INTELLIGENCE AGENCY (CIA); CIA AGENTS DOES 1-10; WILLIAM J. BURNS; AMAZON CONTENT SERVICES LLC (AMAZON PRIME VIDEO); GEN V SHOW PRODUCTIONS TEAM DOES 1-20; JOHNS HOPKINS HOSPITAL,<br><br>                    Defendants. | 25-CV-10751 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Baltimore, Maryland, brings this *pro se* action under the court's federal question jurisdiction, alleging that Defendants violated his rights in Maryland. Named as Defendants are the Central Intelligence Agency ("CIA"); CIA Director William J. Barnes; ten John Doe CIA Agents; Amazon Content Services LLC; twenty John Doe members of the production team of "Gen V"; and Johns Hopkins Hospital. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Maryland.

## DISCUSSION

      Because Plaintiff sues federal defendants, the venue statute governing this action is 28 U.S.C. § 1391(e). Under Section 1391(e)(1), venue is proper in

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who resides in Baltimore, Maryland, alleges that the CIA is headquartered in McLean, Virginia, and that Johns Hopkins Hospital is located in Baltimore, Maryland. He does not allege the residence of the other defendants. Plaintiff alleges that the events giving rise to his claims took place in the State of Maryland. (ECF 1, at 2.) Because Plaintiff does not allege that any defendant resides in this District, venue is not proper here under Section 1391(e)(1)(A). Venue is not proper here under Section 1391(e)(1)(B) because the events giving rise to Plaintiffs claims did not occur here, nor do his claims involve property located in this District. Finally, venue is not proper in this District under Section 1391(e)(1)(C) because Plaintiff does not reside in this District.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Baltimore, Maryland, which is in the District of Maryland. *See* 28 U.S.C. § 100. Accordingly, venue lies in the District of Maryland. 28 U.S.C. § 1391(e)(1)(B), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Maryland, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action, in the interest of justice, to the United States District Court for the District of Maryland. Whether Plaintiff should be permitted

to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 12, 2026
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[1] Plaintiff did not pay the filing fees to bring this action or file an application to proceed *in forma pauperis*.